## REINO E. RAUMA v. PAPER CALMENSON & COMPANY AND ANOTHER.

174 N. W. (2d) 244.

January 16, 1970—No. 41633.

18

*Robins, Davis & Lyons* and *Arnold M. Bellis,* for relator.

*Hansen, Hazen, Dordell & Bradt* and *Gene P. Bradt,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Graff, JJ.

PETERSON, JUSTICE.

This case is before us on a writ of certiorari to the Workmen's Compensation Commission, Minn. St. 176.471, to review that commission's finding, one commissioner dissenting, that employee-relator, Reino E. Rauma, is not permanently and totally disabled.

Employee-relator suffered a back injury on April 11, 1961, while working at the Paper Calmenson and Company plant in St. Paul. For over 4 1/2 years he was seen and treated by various physicians, participated in lengthy negotiations with his employer's insurer regarding compensation payments, and unsuccessfully attempted light work. In November 1965, he appeared before the commission's referee for a hearing at which a settlement was reached. By its terms Mr. Rauma received a lump sum of temporary total disability payments (he has also received 191 1/2 weeks of permanent partial disability benefits) and the parties agreed that he would not receive any payments for temporary total disability unless surgery was provided by Dr. Meyer Z. Goldner, and that if there were surgery, the insurer would resume payments for the period of hospitalization and for a recuperative period not to exceed 4 weeks. The settlement agreement also provided that if Dr. Goldner determined that surgery is unnecessary, all payments would soon cease. Dr. Goldner first recommended against surgery, but has since changed his mind.

Employee, however, is now quite reluctant to undergo the proposed surgery. He challenged the validity of the stipulation he signed, but was unsuccessful at both the referee and commission level. The commission in its order of November 23, 1966, did say, however, that Mr. Rauma could still file for permanent partial and permanent total disability.

Subsequently, employee filed a petition seeking to obtain a ruling that he is permanently and totally disabled. On May 3, 1967, the referee denied this petition.

The referee's findings have been troublesome to both the commission and this court. In paragraph VI he found:

"That the employee, subsequent to November 3, 1965 to date of hearing, has been permanently and totally disabled, a period of 74 and 2/5 weeks, but not as a result of said personal injury of April 11, 1961."

He also found that two physicians believe Mr. Rauma can be helped by surgery, and awarded to employee the costs of any required surgery. Two commissioners stated that the referee's finding is inconsistent because it states that employee is "totally and permanently disabled" and then limits the permanency to a stated number of weeks. The commission, therefore, amended the finding to conform to what it believed the evidence to be—that employee simply did not suffer a totally and permanently disabling injury. We, too, have difficulty understanding the referee's finding, but only because we do not grasp the intended implication in the statement that employee is totally and permanently disabled but not because of his injury of April 11, 1961.

The evidence in employee's favor is strong. However, there is testimony for the employer's position, and normally that would end the matter in a case where insufficiency of evidence is the error claimed. Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 164 N. W. (2d) 873. However, a careful review of the hearing transcript shows that while there is some evidence in the in-

surer's favor, that evidence is rendered insubstantial by the context in which it was rendered. The parties to that hearing examined in detail the merits of new surgery—both how it can be done and its probable effect on employee's vocational opportunities, the reasonableness of his objection to submitting to this surgery, and the fairness of the stipulation signed by him. In other words, there is evidence in the insurer's favor, but it is unclear to what issue that evidence is directed. It is our view that only one narrow issue was before the commission: Is Reino E. Rauma presently totally and permanently disabled by a work-related injury, regardless of what vocational potential any future surgery holds for him?

Pursuant to Minn. St. 176.481, we direct that the commission grant a new hearing, should employee so desire, on that single issue.

The validity of the stipulation will not be a subject of examination at this hearing, for that issue is not properly before this court.

The suggested surgery also will not be considered. Our reason for classifying this topic as irrelevant is that the back operation suggested for Mr. Rauma is too serious to force upon him.[1] And, as dissenting Commissioner James Pomush noted, although the experts stated that the chances of success are high, employee in his first operation experienced the small percentage of failure. Mr. Rauma's objection to the proposal is, therefore, reasonable. Reese v. Preston Marketing Assn. 274 Minn. 150, 142 N. W. (2d) 721; Dudansky v. L. H. Sault Const. Co. 244 Minn. 369, 70 N. W. (2d) 114. A similar position was adopted by the Oklahoma Supreme Court:

---

[1] The operation suggested is a fusion of the lumbosacral spine from the fourth lumbar vertebra to the sacrum. At least one physician recommends doing the operation through the back and one recommends approaching through the front, or past the stomach. For cases on employees' refusals to undergo operations, see 1 Larson, Workmen's Compensation Law, § 13.22.

"The State Industrial Commission is without jurisdiction to order the injured employee to submit to a major operation involving a risk of life, however slight, merely in order that the pecuniary obligations created by the law in his favor against his employer may be minimized." Steelman v. Justice, 204 Okla. 117, 227 P. (2d) 647.

Remanded for a new hearing.